UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:20-cv-05005-JVS (MAA)**                                    Date:  **July 29, 2020**

Title  **Anthony Davis Williams v. William P. Barr et al.**

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

|               James Munoz               |               N/A               |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:
                N/A                                                                       N/A

**Proceedings (In Chambers):**      **Order to Show Cause Why This Lawsuit Should Not Be Dismissed as Moot**

On June 5, 2020, Plaintiff Anthony Davis Williams ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  (Compl., ECF No. 1.)  The Complaint alleges First Amendment retaliation and violations of the Eighth Amendment's prohibitions against cruel and unusual punishments and deliberate indifference to serious medical needs, all arising out of the COVID-19 pandemic.  (*Id*., at 3–5.)  The Complaint seeks the following injunctive relief:  (1) immediate full medical treatment; (2) renewal of Plaintiff's special diet; (3) cessation of discrimination against Plaintiff for exercising his rights to petition the government; and (4) immediate fourteen-day quarantine away from COVID-19-infected inmates and release from the custody and care of Defendants to home confinement.  (*Id*., at 6.)

On June 24, 2020, the Court received three filings from Plaintiff:

<u>First</u>, a document entitled "Change of Address," which provides a non-prison address for Plaintiff in Eastville, California.  (ECF No. 9.)

<u>Second</u>, a document entitled "Release to Home Confinement on 7-24-20."  (ECF No. 11.)

<u>Third</u>, a document entitled "Request to Either Stay All Proceedings for (90) Days and/or Withdraw without Prejudice COVID-19 Release" ("Request").  (Req., ECF No. 10.)  The Request seeks either:  (1) a stay of the action for 90 days if the Court has ruled on Plaintiff's July 9, 2020 request for reconsideration for leave to proceed in forma pauperis ("Motion for Reconsideration")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:20-cv-05005-JVS (MAA)**                                                   Date:  **July 29, 2020**

Title   **Anthony Davis Williams v. William P. Barr et al.**

(Mot. for Recon., ECF No. 6); or (2) if the Court has not ruled on the Motion for Reconsideration, Plaintiff seeks to withdraw the action until he is able to pay the filing fee in full, hire an attorney, and file a suit against Defendants and other medical staff in a more proper and professional form.  (Req., at 2–3.)  The Request states that on July 9, 2020, the United States District Court, District of Arizona released Plaintiff to home confinement due to the COVID-19 pandemic.  (*Id*., at 3–4.)

The Court reviewed the dockets for the United States District Court, District of Arizona, and confirmed that in Case No. 4:98-cr-1095-TUC-RCC ("Underlying Case"), on July 9, 2020, the court granted Plaintiff's Motion for Resentencing 3582: Due to the Covid-19 Pandemic and ordered that Plaintiff be released from the custody of the federal Bureau of Prisons ("BOP").  (Underlying Case, ECF No. 352.)  The Court searched the BOP's online inmate locator and confirmed that Plaintiff was released from the BOP's custody on July 24, 2020.

Federal courts are barred from hearing matters in the absence of a live case or controversy.  *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *accord Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128–29 (9th Cir. 2005) (en banc).  "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."  *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).  Specifically, "[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."  *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).  "The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges."  *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).

Injunctive relief pertaining to the conditions of Plaintiff's confinement is the only remedy sought in this action.  (*See* Compl., at 6.)  As Plaintiff has been released and no longer is subject to the challenged prison conditions, this action appears to be moot.  *See Alvarez*, 667 F.3d at 1064.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not dismiss this action as moot.  On or before **August 28, 2020**, Plaintiff shall file one of the following:

(1)   If Plaintiff agrees that this action is moot, he should file a Notice of Dismissal (form attached).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  **2:20-cv-05005-JVS (MAA)** | Date:  **July 29, 2020** |
| Title    **Anthony Davis Williams v. William P. Barr et al.** | |

(2) If Plaintiff does not believe that this action is moot, he must file a written response explaining in detail why the case is not moot, providing relevant facts and legal authorities.  Plaintiff should state whether he has been released from prison.

**Plaintiff is advised that failure to comply with this order will result in a recommendation that the lawsuit be dismissed without prejudice as moot and/or for failure to prosecute and comply with Court orders.  See Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

It is so ordered.

<u>Attachment</u>
Notice of Dismissal