1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANTHONY DAVIS WILLIAMS,

Plaintiff,

v.

WILLIAM P. BARR et al.,

Defendants.

Case No. 2:20-cv-05005-JVS (MAA)

**ORDER OF DISMISSAL**

On June 5, 2020, Plaintiff Anthony Davis Williams ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  (Compl., ECF No. 1.)  The Complaint alleges First Amendment retaliation and violations of the Eighth Amendment's prohibitions against cruel and unusual punishments and deliberate indifference to serious medical needs, all arising out of the COVID-19 pandemic.  (*Id*., at 3–5.) The Complaint seeks the following injunctive relief:  (1) immediate full medical treatment; (2) renewal of Plaintiff's special diet; (3) cessation of discrimination against Plaintiff for exercising his rights to petition the government; and (4) immediate fourteen-day quarantine away from COVID-19-infected inmates and release from the custody and care of Defendants to home confinement.  (*Id*., at 6.)

On July 24, 2020, the Court received three filings from Plaintiff:  (1) a document entitled "Release to Home Confinement on 7-24-20," stating that Plaintiff was released from the custody of Warden Ponce to home confinement on July 24, 2020 (ECF No. 11); (2) a document entitled "Change of Address," updating Plaintiff's address to a non-prison location in Eastville, California (ECF No. 9); and (3) a document entitled "Request to Either Stay All Proceedings for (90) Days and/or Withdraw without Prejudice COVID-19 Release" ("Request"), seeking either (i) a stay of the action for ninety days if the Court has ruled on Plaintiff's July 9, 2020 request for reconsideration for leave to proceed *in forma pauperis* ("IFP Request") (ECF No. 6) or (ii) if the Court has not ruled on the IFP Request, a "withdrawal" of the action (Req., ECF No. 10).  The Court previously granted the IFP Request on July 14, 2020.  (ECF No. 7.)

The Court confirmed that on July 9, 2020, the United States District Court for the District of Arizona granted Plaintiff's "Motion for Resentencing 3582: Due to the Covid-19 Pandemic," and ordered Plaintiff released from the custody of the federal Bureau of Prisons ("BOP").  *USA v. Williams*, No. 4:98-cr-1095-TUC-RCC, slip op. at 1, 10 (D. Ariz. July 9, 2020).  The BOP's online inmate locator states that Plaintiff was released from the BOP's custody on July 24, 2020.  *Inmate Locator*, FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 15, 2020).

On July 29, 2020, the Court ordered Plaintiff to show cause by August 28, 2020 why the lawsuit should not be dismissed as moot ("OSC").  (OSC, ECF No. 12.)  On August 20, 2020, the OSC was returned to the Court as undeliverable by the United States Postal Service.  (ECF No. 13.)

Federal courts are barred from hearing matters in the absence of a live case or controversy.  *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *accord Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128–29 (9th Cir. 2005) (en banc).  "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).  Although there is an exception to the mootness doctrine for claims that are "capable of repetition, yet evade review," that exception is limited to "extraordinary cases" where the duration of the challenged action is too short to be fully litigated before it ceases, and where there is a reasonable expectation that the plaintiff will be subjected to the same action again.  *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).

This lawsuit has been mooted by Plaintiff's release from prison.  "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (quoting *Alvarez*, 667 F.3d at 1064); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.").  "The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges." *Alvarez*, 667 F.3d at 1064.  Here, the only remedies Plaintiff sought in this action are injunctive relief pertaining to conditions of confinement, and Plaintiff no longer is subject to such conditions after his release.  This action therefore is moot.  Plaintiff's claims do not fall within the mootness exception for claims that are capable of repetition, yet evade review because there is no reasonable expectation Plaintiff will be subjected to the challenged prison conditions again.  The possibility that Plaintiff may be reincarcerated is too speculative a basis on which to conclude that his claims are capable of repetition.  *See Alvarez*, 667 F.3d at 1064–65.

IT THEREFORE IS ORDERED that the Request and this lawsuit are DISMISSED as moot without prejudice.  No further filings shall be accepted under this case number.


DATED: September 16, 2020     _____

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE


Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE